UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL STRANGE, | § | |
| No.  1295985, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO.  3:06-CV-1232-G |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2241.  Strange does not attack his underlying conviction, but attacks his confinement pursuant to such conviction.

**Statement of the Case:** At the time Strange filed his federal petition, he was then confined at the Mineral Wells Pre-Parole Transfer Facility of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Mineral Wells, Texas.  In his petition, he alleged that the Texas Board of Pardons and Paroles denied him due process in continuing him in confinement past the date on which he became eligible for mandatory supervision release.  On

October 25, 2006, he provided a change of address reflecting his release from confinement.[1]

Therefore, the petition is now moot and should be dismissed. *See* § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless...He is in custody in violation of the Constitution or laws or treaties of the United States").

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court dismiss the petition as moot.

Signed this 26th day of January, 2007.

_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] In his answer filed on October 2, 2006, Respondent stated that Strange would be released from his term of imprisonment no later than January 6, 2007, after he has fully served his sentence.